WILKES-BARRE & W. V. TRACTION CO. v. DAVIS, Collector.

(District Court, M. D. Pennsylvania. June 3, 1914.)

No. 510.

INTERNAL REVENUE (§ 9*)—CORPORATION TAX ACT—"DOING BUSINESS."

Where a street railroad company, under authority of the state law, leased at a graded annual rental its system of street railways, which it owned, operated, and controlled, to another company for a long term, and thereafter engaged in no other business than to maintain and preserve its corporate existence, receiving the rent, and distributing the income among its stockholders, it was no longer "doing business" as a traction company, and was therefore not subject to franchise taxation, under Act Aug. 5, 1909, c. 6, 36 Stat. 112, § 38 (U. S. Comp. St. Supp. 1911, p. 946), which is only applicable to corporations doing business in a corporate capacity as authorized.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. § 9.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

In Equity. Suit by the Wilkes-Barre & Wyoming Valley Traction Company against G. T. Davis, Collector, to recover a corporation tax paid under protest. On rule for judgment for want of a sufficient affidavit of defense. Rule absolute.

R. W. Archbald, of Scranton, Pa., and Geo. R. Bedford, of Wilkes-Barre, Pa., for plaintiff.

Rogers L. Burnett, U. S. Atty., of Scranton, Pa., for defendant.

WITMER, District Judge. This suit was brought to recover a tax collected from the plaintiff under the Corporation Tax Act of 1909 (Act Aug. 5, 1909, c. 6, 36 Stat. 112, § 38 [U. S. Comp. St. Supp. 1911. p. 946]), which was paid under protest.

The plaintiff was incorporated under the act of May 22, 1887, to operate a system of street railways in Luzerne county, Pa. On January .1, 1910, by authority of the state law, it leased and transferred for a rental, graded and ranging from $360,000 to $400,000 per annum, to the Wilkes-Barre Railway Company, for a term of 800 years, the system of street railways which it owned, operated, and controlled. Thereafter, and since, it appears, the railway company has been in the full and exclusive possession and control of the railways, and has operated them as undertaken by the lessor; the latter having engaged in no other business whatever than to maintain and preserve its corporate existence, conserving the enjoyment of its corporate property to its lessee, receiving therefrom the rent reserved by the lease, and distributing its income among its stockholders.

The tax provided for by the act of 1909 is not imposed on the franchises of the corporation, nor on its property, but only on the "doing of business" in a corporate capacity as authorized. Flint v. Stone-Tracy Co., 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 Sup. Ct. 361, 55 L. Ed. 428; McCoach v. Minehill Railway Co., 228 U. S. 295, 33 Sup. Ct. 419, 57 L. Ed. 842. As was held in the latter case, from which it cannot be distinguished, the defendant was not "doing business" as a traction company during the years 1910 and 1911 over the lines covered by the lease. The business of serving the public as a common carrier, which was the prime object of its incorporation, was turned over to its lessee. For this purpose the defendant must be regarded as out of business.

The taxes were unlawfully imposed, and the rule for judgment is made absolute.