THE QUOQUE.

(District Court, E. D. Virginia. October 25, 1919.)

SEAMEN ⬤═7—SHIPPING ARTICLES; VALIDITY.

Shipping articles for a voyage from Baltimore "to such ports or places in any part of the world" as the master may direct, back to a final port in the United States, for a term not exceeding six months, *held* too indefinite and uncertain as to the voyage and services contracted for, and void, under Rev. St. §§ 4511, 4523 (Comp. St. §§ 8300, 8314).

In Admiralty. Suit by C. G. Westwood and others against steamship Quoque. Decree for libelants.

Henry Bowden, of Norfolk, Va., for libelants.

Hiram M. Smith, U. S. Atty., of Richmond, Va., for respondent.

WADDILL, District Judge. The libel in this case was filed in behalf of C. G. Westwood and others, of the crew of the American steamship Quoque, to recover wages claimed to be due them under certain shipping articles entered into between the master of the vessel and the libelants at the port of Baltimore, Md., on the 3d of April, 1919. The case turns upon the validity of the shipping articles under which the voyage was undertaken; the provision prescribing the voyage, and the duration thereof, being as follows:

"From the port of Baltimore, Md., to such ports and places in any part of the world, via an American port, as the master may direct, and back to a final port of discharge in the United States, for a term of time not to exceed six calendar months."

The Quoque started from Baltimore to Panama, on its first voyage under these articles, early in April, 1919, with a cargo of coal; thence through the Panama Canal to Mollendo, Peru, where she discharged her cargo; thence to the port of Guayaquil, and to the port of Mantes, Ecuador, where some cargo was taken on board, and back through the Panama Canal to the port of Norfolk, Va., en route for Havre, France, arriving at Norfolk on the 7th day of July, 1919. The libelants, on reaching Norfolk, demanded their discharge and wages due them, claiming Norfolk to be the end of the voyage within the meaning of the articles. Upon the ship refusing their demands, and insisting upon the libelants continuing the voyage to Havre, this libel was immediately filed.

Under the terms of the charter party, the libelants were clearly not entitled to discharge in Norfolk, 60 days in advance of the time specified in the articles, assuming the articles to be valid, and it is hence as to the correctness of the libelants' contentions regarding the invalidity of the articles that the case turns.

Section 4511 of the Revised Statutes of the United States (7 U. S. Comp. Stat. 1916, p. 8784) provides for shipping articles and what they shall contain; that is, that the master of every vessel bound from a port of the United States to any foreign port shall, before he proceeds on such voyage, make an agreement, in writing or in print, with

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

every seaman whom he carries to sea as one of the crew, in the manner in said section set forth; said agreement to be signed by the master before any seaman signs the same, and must contain, among other particulars, the nature and as far as practicable the duration of the intended voyage or engagement, and the port or country at which the voyage is to terminate; also in detail to give the number and description of the crew, their respective employments, the time at which they are to be on board, to begin work, the capacity in which each seaman is to serve, the amount of wages he is to receive, and each seaman is to be furnished with a scale of these provisions.

The manifest intent and purpose of the statute was to protect seamen, and advise them, as far as possible, of the general nature and description of the voyage, in advance of starting upon the same, of the foreign port they were to go to, together with the length of time of the service, and when the same would terminate. The shipping articles furnished by the Commissioner of Navigation clearly contemplate this, as one of the clauses provides for the naming of the port of the commencement of the voyage and where it is to be consummated, namely, "from the port of Baltimore, Md., to," then a space of four blank lines in which to fill in the nature of the voyage, and continues, "and such other ports and places," etc. In the articles under consideration, not only is the space left for the description of the voyage not filled in, but of the words at the end of the clause, "and such other ports and places," two are struck out, namely, "and" and "other," making the same read, without mentioning any specific port or voyage, "from the port of Baltimore, Md., to such ports and places in any part of the world," and interlining the words "via an American port." Neither do the articles give any particular voyage upon which the ship is to enter, or describe the same in general terms, to give the seamen the slightest intimation of what they are contracting to do, as far as the voyage and nature of the same are concerned.

The sufficiency of shipping articles has frequently been the subject of review by the courts, and the following cases are referred to as being of special interest. They treat as well of the necessity for substantial compliance with the terms of the act as of the invalidity of articles for lack of information in the respects involved here. Snow v. Wope, Fed. Cas. No. 13,149, a decision of Mr. Justice Curtis on circuit; Wope v. Hemenway, Fed. Cas. No. 18,042, a decision of Judge Sprague. An earlier decision of Judge Sprague will also be found in Thompson v. Oakland, Fed. Cas. No. 13,971, though the facts in the last-cited case do not apply so directly to the case under consideration, as the two first named. More recent cases on the same general subject are Schermacher v. Yates (D. C.) 57 Fed. 668, The Occidental (D. C.) 101 Fed. 997, The Catalonia (D. C.) 236 Fed. 554, and The Cubadist, 256 Fed. 203, 206, —— C. C. A. ——.

The court's conclusion is that the shipping articles in question are too indefinite and uncertain as to the voyage and services contracted for to bind seamen thereby; they fail to give the nature of the voyage undertaken, or so to describe the same, either by general terms or positive specification, as that those acting thereunder, or affected thereby,

can know or be advised of their contractual rights thereunder with any reasonable degree of certainty. They are therefore, under section 4523 of the Revised Statutes (7 U. S. Comp. Stat. 1916, p. 8801), void. The libelants are not bound thereunder, and should be discharged, and paid the wages due them up to the date of their refusal to continue the voyage.

The court is the more impressed with this view of the case because the failure to make clear the meaning of the articles is something for which the ship's master, who furnished the same, as distinguished from the seamen, is responsible. Having regard to the character of the undertaking, and especially the manner and time under which such instruments are usually entered into, and those whose rights the statute was passed to safeguard and protect, the utmost good faith should at all times be exercised, and at least the written contract, required by the statute to be entered into before the voyage is entered upon, should be made clear and explicit, as far as it is reasonably practicable to do so, and where such is not the case, in construing the same, doubts regarding the meaning of the articles must be solved most favorably to the seamen, and against the ship.

A decree in accordance with the foregoing conclusions will be entered on presentation.