MANDELIN et al. v. KENNEALLY et al.

THE CHARLES WHITTEMORE.

(Circuit Court of Appeals, Fourth Circuit. February 27, 1926.)

No. 2445.

Seamen ⬤=33—Master's refusal to pay wages admittedly due, unless accepted in full, held unwarranted, and seamen entitled to double pay penalty (Rev. St. §§ 4529, 4530, as amended by Seamen's Act March 4, 1915 [Comp. St. §§ 8320, 8322]).

Master's refusal to pay seamen's wages, admittedly due after deduction of fines, unless accepted in full of their accounts, *held* unwarranted, under Rev. St. §§ 4529, 4530, as amended by Seamen's Act March 4, 1915 (Comp. St. §§ 8320, 8322), and seamen entitled to double pay penalty therein provided for.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Libel by Felix Mandelin and others against J. F. Kenneally, master and bailee of the schooner Charles Whittemore, and another. From a decree dismissing the libel, libelants appeal. Decree modified, and, as modified, affirmed.

Jacob Louis Morewitz, of Newport News, Va., for appellants.

D. Arthur Kelsey and H. H. Little, both of Norfolk, Va. (Hughes, Little & Seawell and Oast, Kelsey & Jett, all of Norfolk, Va., on the brief), for appellees.

Before WADDILL and PARKER, Circuit Judges, and McDOWELL, District Judge.

WADDILL, Circuit Judge. This is an appeal from a decree of the United States District Court for the Eastern District of Virginia, in which the court dismissed the libel and decreed that libelants were entitled to receive only certain wages admitted to be due, to wit, $452.02, paid by the respondent ship to the United States shipping commissioner at Newport News, Va. Libelants were members of the crew of the schooner Charles Whittemore, having shipped for a round trip from Newport News, Va., to Dutch Guiana, at the rate of $60 per month. The voyage was made without special incident, and the ship arrived, on the return voyage, at Newport News on the 15th of November, 1924. On the arrival of the vessel at its destination in Dutch Guiana, libelants demanded that half of their wages be paid to them; the captain complied with their request by paying to them the amounts to which he deemed them entitled, and a disagreement arose as the result thereof.

On the return voyage, the captain, because of alleged derelictions of duty and misconduct, logged libelants, imposing upon them such penalties as he thought their conduct justified. Upon the schooner reaching Newport News, but before making the landing, the master called the libelants into his cabin, and, in the presence of his mate, read them the log, showing the fines and penalties he had imposed upon them for their breaches of discipline, respectively, occurring on the trip en route and returning.

Against the imposition of these fines, aggregating $82, the libelants protested, and upon the matter being taken before the shipping commissioner, before whom they appeared by counsel and contested their liability for the same, they insisted that such amounts should not be deducted from their wages. The ship's master, on the other hand, urged that the amount due, after deducting such fines, was not in dispute, and paid the latter sum, to wit, $452.02 (as follows: $113.66 to Felix Mandelin, $125.99 to Arne Hankanen, $123.86 to Bernt Abrahamson, and $88.51 to Otto Sachs), to the United States shipping commissioner, with instructions to pay the amounts over to the libelants if they should severally accept the same in full of their accounts. The libelants refused to accept the sums thus admitted to be due them upon the conditions prescribed, and promptly filed the libel in this case, seeking to recover the full amount of wages, exclusive of the amount of fines assessed legally and logged against them, together with the penalties provided by law incident to the retention of the same.

One of the libelants, Felix Mandelin, sued for personal injuries alleged to have been sustained by him while in port at Dutch Guiana, and all denied the right of respondent

to retain the amounts for which they were logged, for causes specified or any other reason. The case was heard before the District Court, the testimony in part taken orally; and the judge sustained the respondent's view of the case in all respects, including the alleged assault upon Mandelin sued for, directed that the libel be dismissed, and decreed that libelants were entitled to the amount of their wages after deducting the fines and charges therefrom as aforesaid. This decree was entered on the 1st day of January, 1925, and under it libelants received the amounts of the wages due them as of the date of their discharge, to wit, the 17th of November, 1924, less deductions for fines logged against them.

The assignments of error cover the rulings of the trial court generally on the entire case, and we do not feel called upon to review the same in detail further than as covered by the fourth and fifth assignments, relating to the right of libelants to the statutory indemnity for the failure to pay promptly the wages due them. The court heard the testimony of the witnesses, and evidently gave much thought and consideration to the case, and in an able and comprehensive opinion reached and announced its conclusions respecting the merits of the controversy; and we are not inclined to substitute our views for those of the trial judge. Certainly, upon the essential features of the case, there was ample testimony to warrant his conclusions and findings.

Assignments 4 and 5 present the question of the right of the respondent to withhold the amounts admittedly due libelants at the end of their voyage on the 15th of November, 1924, at Newport News, Va., unless libelants would accept the same upon the conditions imposed by respondent. This the respondent could not do, as it constituted neither a payment of the wages nor a lawful tender of the amount due, but, on the contrary, a proffer of a future lawsuit respecting the same. The fact that, in the litigation that followed in this particular case, the court sustained respondent's claim to withhold the fines and penalties imposed, would not warrant the imposition of any such condition or penalty as was sought to be imposed. The only effect of libelants' accepting the payment of the wages upon the conditions prescribed would have been to surrender their claims entirely.

Under the law libelants were entitled to have paid them, within two days after the termination of the voyage, the amount of wages due them, and, in default of such payment, sections 4529, 4530, of the Revised Statutes, as amended by the Seamen's Act of March 4, 1915, 38 Stat. 1164 (Comp. Stat. §§ 8320, 8322), imposed a penalty of two days' pay for each day of delay in payment. If this important provision of the statute looking to securing for seamen the prompt payment of wages due them could be lightly avoided by the ship's prescribing conditions like those in this case, it would work an easy avoidance of a most important provision of the law enacted for the protection of seamen.

" * * * The mariners of a ship are commonly said to be wards of the admiralty. Their wages, their rights, their wrongs and injuries have always been a special subject of the admiralty jurisdiction. * * * " Benedict's Admiralty (4th Ed.) § 182. See Gerber et al. v. Spencer et al., 278 F. 886, 889, 890 (C. C. A. 9th Circuit), and cases cited.

The libelants are entitled to recover double wages at the rate of $60 per month for each day their wages were withheld—that is, from the 17th of November, 1924, to the 1st of January, 1925, inclusive—aggregating $720, the same to be distributed equally between libelants, with costs. The judgment of the lower court will be accordingly modified and affirmed.

Modified.