## MYSTIC S. S. CO. v. STROMLAND et al.

Circuit Court of Appeals, Fourth Circuit.
June 3, 1927.

No. 2608.

1. Seamen ⬅19—Master of coastwise vessel must give discharge and pay to minor alien seamen ordered to ship on vessel bound for foreign port.

Where immigrant inspector ordered minor alien seamen, who failed to pay for permit to work on coastwise vessels, to ship on vessels bound for foreign ports, master of ship on which they worked must give them discharge and pay.

2. Seamen ⬅18—Minor alien seamen, ordered by immigrant inspector to ship on vessels bound for foreign port, held entitled to statutory penalty for master's failure to pay them; "deserters" (Rev. St. § 4529, as amended by Act March 4, 1915 [Comp. St. § 8320]; Rev. St. § 4522, as amended [Comp. St. § 8313]).

Minor alien seamen, ordered by immigrant inspector to ship on vessel bound for foreign port, held entitled to statutory penalty prescribed in Rev. St. § 4529, as amended by Act March 4, 1915 (Comp. St. § 8320), for master's failure to pay them, since they were not "deserters," within Rev. St. § 4522, as amended by Act Feb. 27, 1877, and Act Dec. 21, 1898 (Comp. St. § 8313), in leaving it without discharge.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deserter.]

3. Seamen ⬅18—In libel for statutory penalty for withholding seamen's pay, court held to have properly limited recovery to 10 days after libel was filed.

In seamen's libel for statutory penalty for withholding pay, court did not err in limiting right of recovery to 10 days after libel was filed, where both libelants and respondent were unduly dilatory in bringing libel to trial.

4. Seamen ⬅18—Right to allow penalty pending appeal for withholding seamen's pay is within court's discretion.

Right to allow penalty for withholding pay of seamen between dates of judgment and pending appeal and termination of appeal is matter within discretion of court, dependent on whether there was proper ground for appeal.

Libel by Olaf Stromland and others against the Mystic Steamship Company, claimant on its own behalf and on behalf of H. D. Babbidge, master of the steamship Walter D. Noyes. Judgment for libelants, and respondent appeals. Affirmed.

Henry H. Little, of Norfolk, Va. (Hughes, Little & Seawell, of Norfolk, Va., on the brief), for appellant.

Jacob L. Morewitz, of Newport News, Va., for appellees.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

WADDILL, Circuit Judge. The appellees were libelants and appellant the respondent in the District Court, and will be so styled here.

On the 3d of October, 1925, at Baltimore, Md., the libelants were taken on board the steamship Walter D. Noyes, then engaged in the coastwise trade between Hampton Roads and New England ports, as workaways, and regularly employed as vacancies occurred in the crew of the vessel. They were thereafter placed on the ship, and served thereon to the 11th of November, 1925, as shown by the Noyes pay roll for that period. There was due libelant Stromland $14.66, libelant Loga $14.66, and libelant Solvig $20.16, being for 11 days' wages to the first two libelants at the rate of $40 per month, and 11 days due the last-named libelant at $55 per month.

On the 11th of November, 1925, the immigrant inspector at Norfolk discovered the three libelants, all minors, along with some 15 other alien seamen, employed on the Noyes, who had failed to pay the taxes imposed on them to permit them to work on coastwise vessels. He advised them that they would have to ship on vessels bound offshore for foreign ports within 30 days. The three libelants asked to be paid off, and for their discharges, which the master of the Noyes declined to give them, and informed them that, if they would go back to Boston, the port of discharge, he would pay them off there, and if they wished to come South would give them free passage back. They declined this offer, and as the Noyes was leaving the dock they threw their baggage ashore and jumped on the dock. The master thereupon logged them as deserters, and turned the wages due to them over to the shipping commissioner at Boston, less $5 each retained by him to pay the cost of employing others to take their places, necessitated by their desertion.

The libel in this case is to recover the above-mentioned sums due libelants, as well as for waiting time money; that is to say, for two days' pay for each day their wages were withheld without sufficient cause, pursuant to section 4529 of the Revised Statutes as amended by Act March 4, 1915, § 3 (38

Stat. 1164; Comp. Stat. 1918, § 8320), which reads as follows:

" * * * Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods."

The learned judge of the court below reached the conclusion that libelants were not deserters within the purview of section 4522 of the Revised Statutes as amended by Act Feb. 27, 1877, and Act Dec. 21, 1898 (Comp. St. § 8313), and that they had the right to demand their wages when the ship was in Norfolk until discharged; that they were alien seamen, and not permitted to accept employment on a vessel engaged in the coastwise trade, and were subject to be taken into custody and deported at any time thereafter; and that the voluntary act of the immigration inspector at Norfolk in allowing libelants 30 days in which to secure employment was void, and would not have protected them at any other port, or from the action of any other inspector. The court further held that, while libelants were not entirely blameless for leaving the ship as they did, they were clearly not deserters, and that the ship's master was wrong in so logging them, and in retaining part of their wages; that he knew the men were minor aliens, not eligible for employment on his vessel, and that their proper course, in spite of the assurances of the inspector, was to demand and be accorded their immediate discharges.

The court decreed in favor of the libelants for the amounts due them for wages at the time they left the ship, and held that the case was one in which the statutory penalty for failure to pay should in part be allowed. The court computed the time for which the penalty should be imposed, from the time of the demand for the wages to 10 days after the filing of the libel, applying one of its own rules looking to the expedition of the trial of this class of case, viz. for not exceeding 10 days after the filing of the libel.

The assignments of error generally assail the correctness of the action and judgment of the court in the particulars referred to, and especially in holding that the libelants were entitled to recover for the wages then due them, and also the statutory penalty prescribed for failure to pay wages in arrears, and that the libelants were not deserters, and were warranted in leaving the ship at the time they did.

Having regard to the liberality and leniency with which courts of admiralty administer maritime law where the rights of seamen are concerned, in order to protect them from hardships that may befall them in the dependent condition in which they are frequently placed, and duly appreciating the duty of the court to see that the spirit and intent of legislation enacted in their behalf is given effect to, we can but feel that the trial court reached a correct conclusion regarding the several matters of which the appellant complains, and that the assignments of error are without merit. The following authorities of recent date from this court, other courts of this circuit, and those of the Ninth Circuit, will be found especially enlightening as bearing upon the payment of wages to seamen, and the imposition of the penalty of double time where payment is improperly withheld: The Quoque (D. C.) 261 F. 414, 416; United States v. Westwood (C. C. A.) 266 F. 696; Gerber v. Spencer, 278 F. 886 (C. C. A. 9th Cir.); Elman v. Moller et al., 11 F.(2d) 55 (C. C. A. 4th Cir.); Mandelin v. Kenneally, 11 F.(2d) 344 (C. C. A. 4th Cir). Benedict's Admiralty, v. 1, c. 43, will be found to contain a comprehensive review of the general subject of seamen's wages and their enforcement.

[1] That there was a failure and refusal to pay the wages due libelants when demanded is not disputed. The alien infant seamen were improperly employed by the ship's master. He should have known, and did know, of their ineligibility for hire and service on his vessel, and when so informed by the immigration inspector should have exercised care and caution to see that they were not placed at a disadvantage, or subjected to undue risks by reason of their position, and he should at least have offered them their discharges and paid them the wages due unhesitatingly. Instead, the libelants were denied their discharges, refused their pay, logged as deserters, and their wages in part misapplied by attempting to hold the same on account of the alleged desertion.

[2-4] The wages due being withheld and properly decreed to be paid, was there error in decreeing the statutory penalty for withholding the same? We think clearly not, and that the amounts were withheld without sufficient cause. Undoubtedly the penalty was liable to be imposed for some amount. The statute prescribed double pay from the time of the demand until paid. The District Court, by limiting the right of recovery to 10 days after the libel was filed, in effect placed a limitation on the amount of the recovery under the statute. Was there objection to this? We think not. The right to allow the penalty between the dates of the judgment and pending the appeal, and the termination of the same, that is, whether double pay continued to run during that time, was a matter within the discretion of the court, dependent upon whether there was proper ground for the appeal or not.

In Pacific Mail S. S. Co. v. Schmidt, 241 U. S. 245, 36 S. Ct. 581, 60 L. Ed. 982 (also reported from the District Court in 209 F. 264, and from the Circuit Court of Appeals in 214 F. 512), a case involving the question whether a ship was entitled to withhold the replacement value of lost ship's furnishings intrusted to a steward suing to recover for unpaid wages incurred at the end of a voyage while the vessel was in port, and for penalties for refusal to pay the same without sufficient cause, and whether such defense could be interposed as an offset to the amount due, the court held that there was sufficient uncertainty as to the meaning of the act, and as to its applicability to the particular case, to warrant the ship in seeking a judicial interpretation thereof, and that pending the appeal the ship was not liable for the penalty for withholding wages without sufficient cause, because of the doubtful character of the question at issue.

In O'Hara v. Luckenbach et al., 269 U. S. 364, 46 S. Ct. 157, 70 L. Ed. 313, also reported from the Circuit Court of Appeals for the Ninth Circuit in 1 F.(2d) 923, and 16 F.(2d) 681, a case involving the question of whether seamen were entitled to demand their discharge and wages, and to recover the same, together with the penalty prescribed for unlawful detention, because of the failure to divide equally its crew into watches, pursuant to the provisions of the Act of March 4, 1915, 38 Stat. 1164, the conclusion reached was that sufficient uncertainty existed as to the meaning and application of the statute to warrant the ship in seeking by appropriate appeal, the determination and application of the same, and that pending the decision thereof, the penalty would not run against the ship because of the doubtful issue in question.

In the present case, while we concur entirely with the conclusions reached by the trial court, the questions raised were not so free from difficulty as that intelligent, fairminded persons, including courts charged with the duty of passing upon the same, might not reasonably and naturally reach different conclusions with respect thereto. Once settled, the meaning seems plain

enough, but in arriving at the correct interpretation it cannot be said that serious divergence of views could not have arisen in regard to the same.

This case is unusually interesting in this: Much time, apparently far more than was necessary and than should have been consumed, was taken in filing the libel; it being one which, by reason of the heavy penalty attached for failure to make payment of wages, good faith and fair dealing required that those placed in the position of these libelants should have acted with reasonable, if not the utmost diligence in taking action and pressing the same; and the court doubtless had this in view when it limited the right of recovery of the penalty to 10 days from the time of the institution of the proceedings. The date of demand for payment of the wages and penalty, and refusal to pay the wages, was the 11th of November, 1925, some 3½ months later; and, curious as it may appear, the dilatory action of the respondent was even more apparent.

The case was with promptness heard by the court on the 28th of September upon the libel, answer, and exceptions to the answer, at which time the court directed the deposition of the ship's master to be taken, and the court's opinion, upon consideration of the pleadings and deposition in question, was filed on the 23d of November, 1926, and its final decree was entered on the 29th of November, 1926. The delay between filing the libel on February 25th, 1926, and the answer on the 16th of September, 1926, virtually 7 months, in a case of the character in question, involving heavy penalties liable to be imposed against the respondent, would seem almost inexcusable. While the court acted with commendable promptness upon the incoming of the answer, and considering the case upon the exceptions thereto, in reaching the final result as to delays incident to the recovery, and in allowing full time between the improper withholding of the wages and the filing of the libel, it could not have failed to have been affected and influenced by the utter failure of the respondent to force the case to trial. The delay in the disposition of the case, after filing the libel, and especially between the time of its institution and the filing of the answer to the libel, necessarily operated prejudicially to the libelants, as whatever was due them, as well for wages as on account of penalties for failure to pay the same, was thereby directly delayed.

We are of the opinion upon the whole case that the District Court reached the correct conclusion as to what should be done in the premises, and in its limitation of the time in which recovery could be had to 10 days after the filing of the libel, and that the allowance of wages and penalties for the full time between the refusal to pay the amounts due and the time of filing the libel, and for 10 days thereafter was proper, and we accordingly affirm the action of the District Court, with costs.

Affirmed.