## MYSTIC S. S. CO. v. STROMLAND et al.

Circuit Court of Appeals, Fourth Circuit.
September 23, 1927.

No. 2608.

Seamen ⊛18—Statutory penalty for withholding seamen's pay held properly limited to ten days on failure to ask for immediate hearing.

In libel for statutory penalty for withholding seamen's pay, where libelant failed to demand immediate hearing under rule of court, limitation of recovery to ten days after filing libel was properly imposed, notwithstanding delay of respondent's counsel in filing answer, which was made in good faith and in reasonable attempt to secure judgment on disputed questions, as failure to pay during period proceeding is pending is not without sufficient cause.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

On petition for rehearing. Petition denied.

For former opinion, see 20 F.(2d) 342.

Henry H. Little, of Norfolk, Va. (Hughes, Little & Seawell, of Norfolk, Va., on the brief), for appellant.

Jacob L. Morewitz, of Newport News, Va., for appellees.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. We think that the petition for rehearing should be denied. On the original hearing of the cause, we carefully considered the action of the District Judge in limiting the recovery of the penalty or "waiting time" to ten days after the institution of the proceedings, and held that, under the circumstances of the case, such limitation was proper. In this connection, the District Judge made the following finding, viz.:

"Under the rule of this court, of which all counsel who practice in the admiralty division of the court are advised, penalty cases are entitled to privileged places on the docket, and the court has announced many times that, unless counsel for the libelants in such cases ask for an immediate hearing, or unless there is some other good cause, which is not apparent in this case, the penalty will not apply beyond a reasonable time from the date of the filing of the libel."

Libelants, under the rule of the District Court, were entitled to an immediate hearing, notwithstanding the delay of counsel for respondent in filing answer; and, in view of their failure to ask for a hearing under the rule, we think that the limitation imposed by the District Judge was proper. In Pacific Mail S. S. Co. v. Schmidt, 241 U. S. 245, 36 S. Ct. 581, 60 L. Ed. 982, the Supreme Court held that the statutory penalty could not be recovered for the delay which occurred pending an appeal, on the ground that the delay occasioned by the appeal in that case could not be said to be without sufficient cause. We think that the same rule applies to a delay occasioned by the proper defense of a proceeding where, as here, the respondent contests liability in good faith and in a reasonable attempt to secure the judgment of the court on disputed questions of law and fact. The failure to pay during the period that the litigation is pending would not seem to be "without sufficient cause" within the meaning of the statute, if the liability is contested in good faith and upon reasonable grounds. It was certainly not the intention of Congress that the statute should be construed in such way as virtually to deny to shipowners the right to contest liability in cases of this sort, by making the penalties so great in case of failure to maintain the defense asserted as to deter them from making any defense at all. Furthermore, the delay in such case would not seem to be without sufficient cause so as to justify the infliction of the penalty for the period of the delay, where libelant has it within his power under a rule of court to bring the case to immediate hearing, and fails to do so. To deny the penalty during such delay is but a reasonable application of the doctrine of laches.

Petition denied.