SWANSON et al. v. TORRY et al.

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

On Petition for Rehearing May 7, 1928.

No. 2657.

1. Seamen ⚖➟7—Shipping articles for voyage to West Indian ports, signed before master, held valid (46 USCA § 564).

Rev. St. § 4511, as amended (46 USCA § 564; Comp. St. § 8300), relating to signing of shipping articles, does not apply to voyages between United States and West Indian ports, and articles for such a voyage are valid, if signed before the master.

2. Seamen ⚖➟23—Purchasing of necessary clothing for seamen before voyage held not illegal "advances" (46 USCA § 599).

The buying by a master of necessary clothing for seamen on their signing, which was paid for by the ship, brought on board, and furnished to the men as from the slop chest, held not to constitute illegal "advances," under 46 USCA § 599 (Comp. St. § 8323).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Advance—Advances.]

3. Seamen ⚖➟21(7)—Deserting seamen, who were not logged as such, held entitled to recover wages, but not penalties for nonpayment.

Seamen who refused to complete the voyage for which they signed, but were not logged as deserters, held entitled to recover earned wages, but not penalties for nonpayment.

4. Seamen ⚖➟18, 19—Seamen discharged for incompetence held entitled to recover wages and penalty for delay in payment, but not extra month's wages (46 USCA §§ 594, 596).

Seamen discharged for incompetence within a month after signing held entitled to recover earned wages and penalty, under Rev. St. § 4529 (46 USCA § 596; Comp. St. § 8320), for withholding same, but not the extra month's wages provided by Rev. St. § 4527 (46 USCA § 594; Comp. St. § 8318), since the discharge was not without fault on their part.

5. Seamen ⚖➟24—Seamen, awarded wages by District Court decree, could recover double wages from date of decree until payment.

Seamen, awarded wages by decree of District Court, held entitled to recover double wages from date of decree until payment.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk, in Admiralty; D. Lawrence Groner, Judge.

Suit by Charles Swanson and others against the schooner Ella Pierce Thurlow, G. W. Torry, master and claimant, and the New England Maritime Company. From the decree, libelants appeal. Modified and affirmed.

For opinion below, see 18 F.(2d) 675.

Jacob Louis Morewitz, of Newport News, Va., for appellants.

John W. Eggleston, of Norfolk, Va. (Hughes, Vandeventer & Eggleston, of Norfolk, Va., on the brief), for appellees.

Before WADDILL and PARKER, Circuit Judges, and HAYES, District Judge.

HAYES, District Judge. On October 30, 1926, libelants, Charles Swanson, Fred Haagensen, John Johnson, Bertil Larson, Bangt Bergren, and A. R. West, shipped on the American schooner Ella Pierce Thurlow, then lying at New York, for a voyage to Hampton Roads, Va., and then to the West Indies and return. They signed shipping articles before beginning the voyage, before a United States shipping commissioner at New York, for a voyage "from the port of New York to Hampton Roads, thence to the West Indies, one or more, and such other ports, and places in any part of the world as the master may direct, and back to a final port of discharge, for a term not exceeding six calendar months." They were to be paid $60 per month each. All of the libelants were aliens, except West. The vessel left New York on that day, and arrived at Hampton Roads on November 4. The loading of her cargo of coal was completed on November 16, and she dropped out into the stream making ready for her destination in the West Indies. Johnson, Swanson, and Haagensen notified the master that they would not proceed, and the master notified Larson, Bergren, and West that he could not take them, on account of their inexperience and incompetence, unless the other three men continued on the voyage; they being experienced seamen. This occurred on the night of November 16.

On the morning of November 17 all the

libelants and the master went before United States Shipping Commissioner F. C. Wiatt at Newport News, Va. Libelants claimed that the voyage was completed at Hampton Roads, but were advised by the commissioner that they were bound for a voyage to the West Indies, and that they should go on board and carry out their contract. This the libelants refused to do. The master then offered to pay the men one-half of their earned wages, less "slop chest advances" made to them, and they refused to accept, and he deposited the sum with the shipping commissioner for them. The libel was filed November 19, 1926, to recover the full amount of earned wages due plus "waiting time," under R. S. § 4529 (U. S. C. tit. 46, § 596, U. S. Comp. St. § 8320 [46 USCA § 596]).

The case was tried on November 29, 1926, and judgment was rendered, awarding libelants all of their earned wages, less the "slop chest advances," and also a penalty of $4 per day to Larson, Bergren, and West from November 17 to November 29, inclusive. The opinion of the District Court is reported as The Ella Pierce Thurlow, 18 F.(2d) 675. From that decree libelants appeal, assigning as errors the refusal of the court to give them full wages, without a reduction for the "slop chest advances," and its refusal to allow Swanson, Haagensen, and Johnson penalties, as well as its refusal to award all of the libelants $4 each per day from November 17, 1926, until the earned wages were actually paid.

[1] The shipping articles undoubtedly covered a foreign voyage from New York via Hampton Roads to the West Indies, and R. S. § 4511 (U. S. C. tit. 46, § 564 [46 USCA § 564; Comp. St. § 8300]) is not applicable to vessels engaged in trade between the United States and the West Indies. U. S. v. The Grace Lothrop, 95 U. S. 527, 532, 24 L. Ed. 514; The Mermaid (C. C. A. 9th) 115 F. 13; Pacific Mail S. S. Co. v. Schmidt, 241 U. S. 245, 36 S. Ct. 581, 60 L. Ed. 982. Libelants were engaged in a foreign voyage, and were under contract to continue to the West Indies and return. The authorities on which the libelants rely in support of their contention that the aliens were illegally employed relate to coastwise voyages, and are not applicable to this case. On the authority of U. S. v. The Grace Lothrop, supra, and the facts set out in the record, we find no error on the part of the court below in holding that the shipping articles were properly executed by the libelants.

[2] Libelants contend that the contract was breached on account of alleged advances prior to the beginning of the voyages (U. S. C. tit. 46, § 599 [46 USCA § 599; Comp. St. § 8323]), and contend that nothing should be deducted from their wages for advances so made. The master purchased certain articles of clothing for the libelants, carried them on board the schooner and delivered to each man the clothing purchased for him, as each was in urgent need of them. The goods were paid for by the owners of the vessel and charged on the ship's log, along with other items which the libelants did not dispute, to the several men as advances out of the "slop chest." We do not think this constituted advances, within the meaning of U. S. Code, tit. 46, § 599, and we think it was the same in substance as if furnished from the "slop chest," and that such sums were properly deducted from the earned wages due libelants.

[3, 4] Libelants Swanson, Haagensen, and Johnson breached their contract and refused to continue the voyage; so they could have been logged as deserters by the master. They were not marked as deserters, and were not treated as such by the master of the schooner. We conclude, on the authority of Hamilton v. U. S. (C. C. A. 4th) 268 F. 15, and Mystic S. S. Co. v. Stromland (C. C. A. 4th) 20 F. (2d) 342, that they were entitled to their earned wages, less advances, and that they were not entitled to any penalties. The other three libelants were discharged because of incompetence, and because the first three refused to make the voyage with them on that account. They were entitled upon their discharge to their earned wages, less advances, and for delay in payment thereof they are entitled to the penalty prescribed by R. S. § 4529 (46 USCA § 596; Comp. St. § 8320). They are not, however, entitled to the one month's wages prescribed by R. S. § 4527 (46 USCA § 594; Comp. St. § 8318), because their discharge was not without fault on their part, and furthermore recovery under this statute is not asked for in the libel.

[5] A very vital question is presented with respect to whether these libelants are each entitled to the penalty of $4 per day after the rendition of the final decree by the District Court on November 29, 1926, to the date the wages were actually paid them, December 7, 1926, without prejudice. No appeal was taken by the respondents, and no sufficient cause is shown for a delay in paying the wages on the day they were determined by the court. Since there was no appeal by them, and no cause for the delay in payment, we are of the opinion that they were entitled to this penalty of $4 per day each from November 30, 1926, to December 7, 1926, inclusive, and, sub-

ject to this modification, the decree of the lower court is affirmed.

Modified and affirmed.

## On Petition for Rehearing.

PER CURIAM. The petition for rehearing calls our attention to the fact that the opinion erroneously states that libelants signed shipping articles before a United States shipping commissioner. The opinion will accordingly be corrected so as to eliminate this statement. This error in the statement of facts, however, did not affect the conclusion at which we arrived, and the petition for rehearing presents no matters not already fully considered. It is accordingly denied.

Petition denied.