See, also, 169 F.Supp. 820.

---

Nicholas **KTISTAKIS**

v.

**THE** Steamship **STAR.**

No. 284.

United States District Court
E. D. Virginia,
Newport News Division.

Jan. 5, 1961.

Burt M. Morewitz, Newport News, Va., for libellant.

Walter B. Martin, Jr., Norfolk, Va., for respondent.

STERLING HUTCHESON, District Judge.

Libellant, who was 53 years old, hired as an oiler on the steamship "Star", of Liberian registry, on December 1, 1952, at New York, and reported for duty at Baltimore on December 2, 1952, at which time he signed the articles under which he was to be paid $110 per month wages. The highest rate of pay at the port of Baltimore at that time of an oiler was $320 per month. The articles recited, in

substance, that the voyage was from the port of Baltimore to South America and to such other port or ports as might be determined by the master to a final port of discharge in the United States, for an indefinite term.

On February 20, 1953, while enroute from South America to Baltimore libellant became ill. No medical attention was rendered at Baltimore and at Savannah he was discharged on March 10, 1953, due to sickness. From there he was sent to Greece at the expense of respondents on March 16 or 18, 1953. While the evidence of record is far from clear, as nearly as can be ascertained libellant was examined in America and presumably was given such treatment as his condition required. It is shown that he was examined by a doctor in New York and found suffering from a cold. Upon his return to Greece he was treated by a doctor provided by the respondents. The time and type of treatment are not clear from the record.

The libellant bases his claim upon the following grounds:

1. That the articles are invalid because indefinite and he is entitled to the difference between the agreed wage of $110 per month and the highest prevailing wage of $320 per month.

2. For maintenance and cure after his return to Greece in excess of that furnished by respondents.

3. Damages caused by failure of respondents to afford treatment.

These claims will be considered in the inverse order stated.

■ There is no proof contained in the record showing damages or aggravation of the condition of libellant by failure to have him treated.

■ Depositions of the libellant and a physician were taken in Greece. These depositions constitute the only proof concerning maintenance and cure in Greece. It is not clear whether the Greek physician first saw libellant in 1953 or 1956. However, from this deposition it does appear that libellant was treated by a physician other than the one provided by

respondents. It must be assumed that this treatment was necessary. In any event, it does appear that the libellant is suffering from chronic bronchitis and gastritis. Neither are maladies of a sudden origin and cannot be chargeable to respondents except for the responsibility of affording reasonable treatment to restore libellant to a condition of maximum recovery. We have no proof concerning libellant's state of recovery at the expiration of the treatment afforded by the physician employed by respondents. It does appear from the deposition of libellant's physician that he has reached a condition of maximum recovery. According to the physician, libellant has incurred expenses in the amount of $666.66 (American money), plus some medicine, the exact amount being unknown.

It is my conclusion that under these circumstances libellant should be paid the sum of $750 for maintenance and cure in Greece.

It appears that libellant has received the full amount of the agreed wage of $110 per month. This leaves for consideration the question of whether by reason of the alleged invalidity of the articles he is entitled to the difference between this amount and the highest prevailing wage of $320 per month for the approximately four months of his employment.

■ It appears that under Title 46, Section 564, U.S.C.A., and United States v. Westwood, 4 Cir., 266 F. 696, the articles are invalid if the code section cited is applicable to a vessel flying a foreign flag.

In The Elswick Tower, 241 F. 706, 710, the District Court in the Southern District of Georgia, after reviewing the cases, came to the conclusion that this statute does not apply to foreign vessels. The court said there that "the law of the flag applies where a foreign crew is shipped in a foreign land on a foreign vessel". This reasoning is in accord with Title 46, Section 570, providing that when an American merchant vessel engages a seaman at a place out of the United States, the rules governing the engagement of a

seaman before a Coast Guard official shall be applicable.

Article 30 of the Liberian Maritime Code provides, in effect, that unless in conflict with the Liberian law, the non-statutory general maritime law of the United States is adopted. Since the requirements respecting shipping articles are statutory, it would appear that this provision of the United States law is not applicable.

It therefore follows that under the Liberian law the articles are not void and the libellant is bound by his agreement to accept the contract wage of $110 a month. This amount having been paid him in full in Savannah, he is entitled to no further recovery on his wage claim.