**Nelson R. RABY, et al.,
Plaintiffs–Appellees,**

**v.**

**M/V PINE FOREST, In Rem, Delica Shipping, S.A., and Inui Steamship Co., Ltd., Defendants–Appellants.**

**No. 90–35618.**

United States Court of Appeals,
Ninth Circuit.

Submitted August 31, 1990.

Decided Oct. 29, 1990.

Paul N. Wonacott and Kathleen A. McKeon, Wood, Tatum, Mosser, Brooke & Landis, Portland, Or., for defendants-appellants.

Richard J. Dodson, Baton Rouge, La., for plaintiffs-appellees.

Before WALLACE, THOMPSON and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

After a bench trial, the district court found in favor of the plaintiffs and fixed damages in the sum of $32,657,006. Since defendants sought to appeal and wished to stay execution, the district court then set the supersedeas bond at $59,000,000. Of that, $19,613,565 represented penalty

wages which would accrue at the rate of $26,152 per day while the case was on appeal. 46 U.S.C. § 10313(g). Interest on the accruing portion was also included. Defendants have asked that we reduce the amount of the bond.

We review the decision of the district court setting the amount of the bond for abuse of discretion. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n. 1 (9th Cir.1987).

■ Here we find an abuse of discretion because the district court erred when it failed to allow for the payment of the back wages into court, an event that would stop the running of penalties. *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 574 n. 9, 102 S.Ct. 3245, 3252 n. 9, 73 L.Ed.2d 973 (1982); *Swain v. Isthmian Lines, Inc.*, 360 F.2d 81, 87–88 n. 26 (3rd Cir.1966); *Southern Cross Steamship Co. v. Firipis*, 285 F.2d 651, 659–60 (4th Cir. 1960), *cert. denied*, 365 U.S. 869, 81 S.Ct. 903, 5 L.Ed.2d 859 (1961). That option ought to be available to defendants.

■ Our review of the district court's decision in this case suggests the possibility that the defendants have already tendered all or a part of the back wages, but the decision is far from clear in that respect. If all of the back wages owed to a particular plaintiff have been tendered, the penalty wages will have ceased to accrue as to that plaintiff's claim. We emphasize that penalty wages found to have accrued up to the date of tender of back wages need not themselves be tendered in order to preclude the accrual of further penalties.

We are aware that, under some circumstances, an appeal from a wage award may itself stop the accrual of penalties if the appeal is taken on strong and reasonable grounds. *Pacific Mail S.S. Co. v. Schmidt*, 241 U.S. 245, 250–51, 36 S.Ct. 581, 582–83, 60 L.Ed. 982 (1916). *See also Southern Cross Steamship Co. v. Firipis*, 285 F.2d at 659. However, in those cases the courts were able to comment upon the strength of the appeal after having the benefit of full briefing on the merits, and did so at the time of deciding the cases on the merits. The courts were not attempting to divine the strengths of the appeal before them in advance for the purpose of setting a supersedeas bond. Given the posture of this case and the complexity of the issues, we are unable to decide the merits of the wage claims at this early stage of the proceedings, and we are unwilling to speculate on the outcome of the appeal.

Based upon the above, we reverse the district court's order fixing the amount of the supersedeas bond insofar as it is based upon the projected accrual of penalty wages, and we remand to that court for the limited purpose of re-setting the bond. In so doing, the district court shall determine whether the full amount of back wages (not including penalty wages or interest) has been tendered to the plaintiffs, or to any of them. If so, penalty wages shall be deemed to have ceased to accrue for the affected plaintiffs as of the date of the tender. If not, the penalties may be deemed to continue accruing until the back wages are tendered. As we have already stated, tender includes payment into court.[1] The bond required of the defendants shall be reduced accordingly.

The stay of execution previously ordered by us shall remain in full force and effect without the further posting of bond until such time as the district court has entered its order setting the bond in a manner not inconsistent with this opinion.

REVERSED as to the bond, and RE-MANDED for the limited purpose of setting a new bond.

---

**1.** We hasten to add that nothing in this opinion is intended to suggest that all or any portion of the penalty wages, or back wages, should have been assessed against the defendants.