## Case No. 12,546.

### SCOTT v. RUSSELL.

[1 Abb. Adm. 258.] ¹

District Court, S. D. New York. April, 1848.

SEAMEN—WAGES—DUTY TO SHIP — SMUGGLING — BARRATRY—SUBTRACTION OF WAGES.

1. For a seaman wilfully to do any act which puts the vessel in jeopardy,—e. g. for one to violate a notorious excise law by smuggling,—is a breach of the duty which he owes to the ship.

2. Such breach of duty may be considered in diminution or in bar of the seaman's wages; it being an offence in the nature of barratry, causing loss and delay to the vessel, for which he would justly be subject to make amends, by forfeiture or subtraction of wages.

[Cited in The Horace E. Bell, Case No. 6,702; The T. F. Whiton, Id. 13,849.]

This was a libel in personam, by John Scott, against William H. Russell, master of the ship Niagara, to recover for seamen's wages. It appeared that the libellant, a resident of Liverpool, shipped, at the port of New York, on board the Niagara, as cook, for a voyage to Liverpool and back, and earned wages on the voyage. In defence it was shown, that while the vessel was yet in New York, he carried on board of her, clandestinely, a large package of tobacco, two feet long and ten inches wide, crowded full. It was also proved, that on the arrival of the ship in Liverpool, forty or fifty pounds of tobacco were found under the cook's caboose, crowded beneath the floor, and were there detected by the custom-house searchers, and the ship was in consequence detained for several days, under the provisions of Act 8 & 9 Vict., which prohibits the smuggling of tobacco into the country under penalty of forfeiture of the vessel. No proof was given of the amount of loss incurred by the owner in consequence of this detention.

Alanson Nash, for libellant.

(1) There is no proof that the tobacco found under the galley at Liverpool was that brought on board at New York by the libellant; nor that the libellant was in any way interested or concerned in the tobacco found under the galley, or in placing it there.

(2) There is no evidence that the master or owner suffered any damage on account of the finding the tobacco at Liverpool. There is no proof that any penalty was paid, nor any proof that the detention of the vessel was occasioned by the finding of the tobacco.

(3) If it were proved that damage had been incurred in consequence of the conduct of the libellant, as contended, they could not be off-set in this cause. The damages sug-

¹ [Reported by Abbott Bros.]

gested are only matter of off-set. The circumstances alleged do not constitute either a payment to the libellant or a forfeiture; or if they were a forfeiture, it could only apply to wages antecedently earned, and could not operate as a prospective punishment. Cloutman v. Tunison [Case No. 2,907]; The Rovena [Id. 12,090]; Abb. Shipp. 767.

Burr & Benedict, for respondent.

(1) The fraudulent misconduct of the libellant forfeited his wages.

(2) The damages sustained in this case may be set-off against the wages. Willard v. Dorr [Case No. 17,680]; Abb. Shipp. 653, note; Brown v. The Neptune [Case No. 2,022].

BETTS, District Judge. It is sufficiently proved that the libellant clandestinely carried on board the vessel in New York a considerable quantity of tobacco, and that, immediately on the arrival of the vessel in Liverpool, a very similar quantity was found secreted under the caboose occupied by him as cook. This is, I think, sufficient evidence that he took on board the tobacco there detected, and that his misconduct caused the arrest of the vessel. If it were the fact, as suggested by counsel, that there were two distinct parcels of tobacco discovered, it would not have been difficult for the libellant to have produced evidence tending to show what disposal was made by him of the portion which it is amply proved he carried on board. In the absence of any evidence of that character, it is fair to presume that the parcels were the same; especially as the place of concealment was peculiarly accessible to the libellant.

For a seaman wilfully to commit an act of dishonesty or fraud, which exposes the vessel to jeopardy, is a breach of the duty and fidelity which he owes to the ship. Such act amounts to barratry. (3 Durn. & E. [3 Term R.] 277; 2 Caines, 222; Wesk. Inst. tit. "Barratry"), and may be considered in diminution or in bar of his wages (Curt. Merch. Seam. 118). The wrong may be used by the ship-owner to countervail the seaman's suit for wages, without resorting to a cross-action to that end. The libellant, if not a British subject, was shipped in a British port, and must be presumed cognizant of a law so notorious as that smuggling tobacco into Great Britain subjects the vessel to the danger of confiscation. Carrying the tobacco on board clandestinely, and keeping it closely concealed in port, imports his consciousness that the act was unlawful. His conduct must, therefore, be regarded as a gross violation of duty, attended with expense and delay to the ship, for which it is proper to impose a subtraction of wages by way of correction and amends.

As, however, the respondent has not proved the amount of loss occasioned to the ship by the misconduct of the libellant, (though estimates are given which import that it must have greatly exceeded the whole amount of wages earned,) the court is disposed to abate the wages only in part, and with a view to operate as a proper check to seamen, rather than to recompense the owner in this case. The decree will therefore be, that the libellant recover the wages due him on the voyage out and back, but without costs as against the respondent, and with a deduction of $25 for his unfaithful conduct and breach of duty in attempting to smuggle tobacco in the ship on the voyage. Decree accordingly.

SCOTT (SIMMS v.). See Case No. 12,871.

SCOTT (THOMAS v.). See Case No. 13,910.

SCOTT (THOMPSON v.). See Case No. 13,975.

SCOTT (TRACY v.). See Case No. 14,126.