## Case No. 14,672.

UNITED STATES v. BROWN et al.

[3 Sawy. 602; [1] 8 Chi. Leg. News, 291.]

District Court, D. Oregon.  April 12, 1876.

SEAMEN—OFFENSES—ENTRY IN LOG-BOOK.

A prosecution cannot be maintained against a seaman for any of the offenses defined in section 4596 of the Revised Statutes, unless an entry of the circumstances is made by the master in the official log-book of the vessel as soon as possible after the occurrence, and read over to the seaman, or a copy furnished him, and his reply thereto entered in the same manner.

Separate informations were filed against the defendants [Charles Brown and others] in the above-entitled cases, charging each of them with willful disobedience to the lawful commands of the master of the ship, William H. Thorndyke, upon which they were lawfully engaged as seamen on a voyage from Philadelphia to Sitka, at Sitka, on February 14, 1876, by refusing to discharge cargo. The defendants pleaded not guilty, and were tried together by the court. The prosecution called the master of the ship, and offered to prove the commission of the offense by him. The defense objected, and demanded the production of proof of the entry in the official log-book, concerning the same, as required by section 4597 of the Revised Statutes. The log-book was produced, but contained no entry on the subject.

Rufus Mallory, for the United States.

David Goodsell and Joseph Simon, for defendants.

DEADY, District Judge. The crimes defined by section 4596 of the Revised Statutes, which includes the charge against the defendants, relate to the discipline and conduct of the ship rather than the general public. If the master intended to prosecute a seaman for the commission of any of them, it is made his duty by sections 4290 and 4291 of the Revised Statutes, to make an entry concerning the same in the official log-book as soon as possible after the occurrence, and to read the same to the offender, or furnish him with a copy of the same, and enter his reply thereto. Section 4597 of the Revised Statutes provides that "in any subsequent legal proceedings" said entries "shall, if practicable, be produced or proved, and in

default of such production or proof, the court hearing the case may, at its discretion, refuse to receive evidence of the offense."

It is maintained on the part of the prosecution that when an entry was made, it must be produced or proved; or the court in its discretion may refuse to hear the evidence in support of the charge, but when it appears that no entry was made, then the statute does not apply. But this construction of the statute would make it almost devoid of meaning and useless. The evident purpose of the statute is to prevent prosecutions for breaches of discipline on shipboard, except in those cases where the master shall deem the matter of sufficient importance, while the circumstances are all fresh in his memory, and before there is any temptation to make use of it as a means to some other end, to enter a charge against the offender, together with his reply, in the official log-book. If any difficulty arises between the crew and the master, a previous offense or dereliction, of which no entry was made, cannot be invoked or trumped up, as a make-weight in this subsequent controversy.

In this case, it appears by the affidavit of the master, made before the deputy collector and ex officio shipping master at Sitka, that the defendants, in company with one Antonio Page, attempted to desert the ship in a small boat at Sitka, but being capsized, were discovered and rescued by the officers of the ship, except Page, who was drowned. The defendants then refused to work, and the master, by the advice of the collector, put them in irons until they consented to work, and made this affidavit of the transaction, instead of making an entry in the log-book. The confinement of the defendants was proper enough, if they refused to work, but if it was intended to prosecute them also for the offense of disobeying orders, it was incumbent on the master to have made the proper entries in his log-book. This not having been done, the law presumes that it was not deemed of sufficient importance at the time, but is now sought to be done as an afterthought, or with some ulterior purpose. The defendants are found not guilty, and discharged.