## THE CORA F. CRESSY.

### (District Court, D. Massachusetts. June 20, 1904.)

### No. 1,457.

1. SEAMEN—DISOBEDIENCE—PUNISHMENT—IMPRISONMENT.

That the master of a vessel failed to replace a second mate who had been paid off at an intermediate port, as required by Rev. St. § 4516 [U. S. Comp. St. 1901, p. 3071], was no excuse for the total refusal of members of the crew to work the vessel, and was therefore no defense to the master's right to punish them for their disobedience.

In Admiralty.

John J. O'Connor, for libelants.
Carver & Blodgett, for claimant.

LOWELL, District Judge. This was a libel to recover (1) damages for false imprisonment, and (2) wages.

1. The seamen libelants refused to work, and were put in irons until they were ready to obey orders. The imprisonment was justified, unless the refusal to work was justified. The libelants' counsel seeks to justify the seamen's disobedience by the master's alleged violation of Rev. St. § 4516, as amended by Act 1898, c. 28, § 1, 30 Stat. 755 [U. S. Comp. St. 1901, p. 3071], in that the vessel put to sea without replacing a second mate who had been paid off at Norfolk, an intermediate port. But, even if section 4516 applies to domestic vessels, and extends to the replacing of both officers and seamen, and though it be assumed that the master of the Cressy could reasonably have obtained a second mate at Norfolk (all disputable propositions), yet the master's violation of law does not excuse the crew's total refusal to work the vessel, either at Norfolk or after leaving that port. Hence the libelants have failed to prove any false imprisonment.

2. It follows that the master was justified in docking the crew's wages during their confinement, but, as he failed to comply with the provisions of Rev. St., § 4597 [U. S. Comp. St. 1901, p. 3115], I am disposed to mark my disapproval of this irregularity by disallowing the deduction.

Decree for balance of wages, without costs.