THE ST. PAUL.

(District Court, S. D. New York.    November 26, 1904.)

1. SEAMEN—WAGES—FORFEITURE—FINES—ENTRY OF OFFENSE—LOGBOOK—TIME.

Where a sailor was fined a portion of his wages for disobedience of orders, as authorized by Rev. St. U. S. § 4529 [U. S. Comp. St. 1901, p. 3077], but the master of the ship did not make an entry of the offense in the ship's logbook on the day the offense was committed, as required by section 4597 [U. S. Comp. St. 1901, p. 3115], such fine was no defense to an action by the sailor against the ship to recover the same as wages.

2. SAME—PAYMENT OF WAGES—UNREASONABLE DELAY—FINES.

Where a fine had been imposed on a seaman for disobedience, but the same was unavailable as a defense to an action for wages for failure of the ship's master to enter the offense in the ship's logbook on the day it occurred, the ship was justified in contesting its liability, and was therefore not liable to a fine for unreasonable delay in payment of the seaman's wages.

Action for balance of wages due libelant as trimmer and fireman, and penalty for delay in payment, under section 4529, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3077].    The claimant set up in defense that libelant had been fined several days' pay for disobedience of orders, and offered to pay the balance which it claimed was due.    The evidence showed that the entries in the ship's logbook were not made in accordance with section 4597, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3115].

Richard D. Currier, for libelant.
Robinson, Biddle & Ward, for claimant.

HOLT, District Judge.    It is important that discipline be maintained on vessels, and I think, from the evidence in this case, that quite probably the fines imposed on the libelant may have been just.    But it is of great importance, if sailors are to be fined a portion of their wages, that the act authorizing such fines shall be strictly complied with, and particularly that the entry in the logbook shall be made on the day on which the offense is committed; otherwise on a long voyage there might be such a delay in making the entry, and in notifying the sailor that a fine had been imposed, that it might be impossible or difficult for him to meet the charge on which the fine was based.    It is admitted that the entries were not made on the days that the alleged offenses were committed, and I think that, under the provision of the statute, it is a proper exercise of the court's discretion to refuse to receive evidence of such offenses.

My conclusion is that there should be a decree for the libelant for the amount of $19.82 demanded in the libel, with costs.    The claimant, in my opinion, was justified in contesting its liability, and there should be no fines imposed under the statute imposing them for unreasonable delay in the payment of wages.