## THE GEORGIAN.
### No. 7434.

Circuit Court of Appeals, Fifth Circuit.
March 22, 1935.

Arthur M. Boal, of New York City, and Cody Fowler, of Tampa, Fla., for appellants.

George C. Bedell, of Jacksonville, Fla., and Kenneth I. McKay, R. W. Withers, and Maynard Ramsey, all of Tampa, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from an interlocutory decree fixing liability for damage to a consignment of citrus fruit, shipped by appellee from Tampa and Jacksonville, Fla., to London, England, by the steamship Georgian. The District Court found that the fruit had been damaged to some extent by being treated by what is known as the dry cleaning process before shipment and also found that it had been damaged by improper refrigeration and by sea water, caused by the unseaworthiness of the vessel. An interlocutory decree was entered dividing the damages and referring the case to a commissioner to ascertain the amount. The record is voluminous, but an examination of it convinces us that the District Court correctly decided the issues. It is therefore unnecessary to review the facts extensively, and we refer to the opinion of the District Court with approval. The Georgian, 4 F. Supp. 718. However, as it is earnestly pressed, we may consider one of the assignments of error somewhat more fully.

The bill of lading contained a clause providing for notice of damage, which is as follows: "11. Notice of loss, damage, or delay must be given in writing to the vessel's agent within thirty (30) days after the removal of the goods from the custody of the vessel, or, in case of failure to make delivery within thirty (30) days after the goods should have been delivered; Provided, that notice of apparent loss or damage must be given before the goods are removed from the custody of the vessel, and proper notation made on the receipt given to the vessel for the goods shall constitute the notice herein required. Written claims for loss, damage or delay must be filed with the vessel's agent within six (6) months after giving such written notice. Unless notice is given and claim filed as above provided, neither the vessel, her owner, nor agent shall be liable. No suit to recover for loss, damage, delay or failure to make delivery shall be maintained unless instituted within one year after the giving of written notice as provided herein."

The claim was made within six months as provided in the clause, so that part is

not material. As to the notice of damage, the following appears:

Before the vessel arrived in port, the captain wirelessed requesting a hatch survey. When the vessel arrived and hatches were opened, the cargo and general conditions of the holds were inspected by surveyors appointed by the Port of London Authority and other surveyors representing consignees of the cargo and the vessel. After the cargo was discharged, at the request of one of the surveyors, the following entry was made in the ship's logbook by the chief mate: "Approx. 30% of Fruit Cargo (boxes only) stained and wet caused from overhead Freezing Line in all compartments, which is not insulated & water & frost drippings down on Top Tiers of Fruit."

The chief mate testified that the entry was not made of his own volition or upon his own knowledge, but was at the direction of one of the numerous captains who came on the vessel as surveyors, which one he could not remember. The District Court found that this surveyor was Capt. Robertson, who represented the consignees.

It is contended by appellant that notice in writing should have been given within the delay provided to W. H. Muller & Co., who were the ship's agents, and notice to the mate was not sufficient.

Clauses requiring notice of loss or damage to be given within a limited time are always upheld by the courts, if they are reasonable. The purpose of the clause is to allow opportunity to the vessel to investigate the claim for damage while witnesses are available, and before it is otherwise too late, in order to defend against an exaggerated or fraudulent claim. We are not aware of any case in which such a clause has been upheld as a purely technical defense to defeat recovery if it would be inequitable. The question is fully discussed and the authorities extensively reviewed in the well-considered case of the J. L. Luckenbach (C. C. A.) 65 F.(2d) 570. It is unnecessary to cite any other authority.

Construing the clause in this case, it is apparent from the proviso that notice of damage given before the goods were removed from the custody of the vessel was not required to be in writing. Clearly, if the consignee gave notice of damage before the removal of the goods, to thereafter supplement it by notice in writing would be a vain proceeding of no material benefit to the vessel.

A vessel's logbook is perhaps the most important document among her papers, and the owner is bound by entries made therein by the ship's officers. It may be conclusively presumed that the chief mate would not have made the entry unless he believed it to be true. The chief mate was the agent of the vessel for the delivery of the cargo and a proper person to be notified. Notice to him and the entry in the logbook constituted notice to the vessel and her owners that the fruit was damaged and gave them full opportunity to make an investigation as to the extent of that damage. The clause was substantially complied with, which was all that was required.

It was suggested in argument that some of the fruit had not been subjected to the dry cleaning process, and therefore the entire loss as to this part of the consignment should fall upon the ship. This matter was considered by the District Judge in dealing with the entire consignment. Manifestly, as the cargo was perishable and not entirely destroyed, it would be impossible to fix the amount of damage or allocate the proportion of damage to the different elements with mathematical certainty. Courts of admiralty administer the broadest equity. The decree does substantial justice to the parties. It is affirmed.