## ASSIMACOUPOULOS v. KULUKUNDIS SHIPPING CO., S. A.

District Court, S. D. New York.

April 15, 1942.

Melton, Lebovici & Arkin, of New York City (Herbert Lebovici and Edward Arkin, both of New York City, of counsel), for libellant.

Frederick H. Cunningham, of New York City, for respondent.

BRIGHT, District Judge.

The libellant, a subject of the Kingdom of Greece, brings this libel to recover wages claimed to have been earned by him while a cook on the Steamship Mount Taygetus, registered under the laws of the same Kingdom. He joined the ship on March 7, 1941, at Cardiff, Wales, for a voyage to the United States and return. He was discharged on May 28, 1941, at Philadelphia, because of an injury incurred during the voyage. He also seeks to recover double pay under Section 596 of 46 U.S.C.A., because of the failure without sufficient cause to pay him promptly.

The only dispute in this case is as to the amount, if any, which libellant is entitled to receive for his services. He says that his rate of pay agreed upon between him and the first master of the ship, was to be £70 per month, £62 of which were for his services as cook and he was to be paid £8

additional for baking bread. He also contends that for nine days after, or about the time the vessel arrived at Philadelphia, he performed the work of assistant cook in addition to his own and that the master agreed to pay him what the assistant cook would have received at the rate of £52 per month.

Respondent contends that libellant's pay was fixed by Greek law; that between March 7, 1941, when libellant was employed, and March 15, 1941, when the law was changed, the basic rate was £9 per month, to which should be added 80% bonus plus £3 per month for baking bread, a total of £19.2, plus £45 war bonus for the trip across the Atlantic. From March 15, 1941 on, the basic wage remained the same, and there was added 150% and £3 for baking bread, a total of £25.5 per month plus 50% of the basic wage for a special bonus to be paid for good conduct at the end of each voyage. After the Germans invaded Greece on April 22, 1941, respondent's witness stated it was decided to pay this 50% bonus and not remit it and the other bonus was increased from 150% to 200%. On this basis, libellant's pay would have been £30 per month plus the 50% bonus at the end of the voyage.

■ There is obviously an irreconcilable conflict upon the subject. The Greek law, which I have before me, does not, in my opinion, determine it; it would seem to express the minimum wage and not to control where special agreements were, as here, made. The personnel list offered in evidence showed that other members of the crew were paid on a different basis than that mentioned in the law proven. The Act of March 15, 1941 expressly provides that "For voyages commenced before March 15, 1941 wage, etc. (shall be) in accordance with the agreements in force until the end of the voyage, independently of expiration of contract". And it is obvious that libellant was paid more in accordance with his understanding of the agreement than in accordance with the respondent's contention. He received £70 the first month of his employment and while at Cardiff and £10 more at Bristol and $20 at Philadelphia. The account prepared by the respondent of libellant's time and introduced into evidence also corroborates him. It appears from that he has been overpaid £16.10. It is difficult to reconcile the contention of the respondent with the fact that it voluntarily paid him more than his due.

I find, therefore, that the libellant is entitled to recover upon the following basis:

|  | £ | S |
| --- | --- | --- |
| Wages, March 7, 1941 to May 28, 1941, as cook, at £62 per month, plus £8 per month for baking bread (2 months and 21 days) | 188 | 18 |
| Wages for doing the work of second assistant cook for nine days at £52 per month | 15 | 10 |
| Total | 204 | 8 |
| Less amount paid | 90 | 12 |
| Balance due | 113 | 16 |

which, resolved into our money at an exchange rate of $4.03, amounts to $458.61, with interest from May 28, 1941.

■ The only other question is whether libellant is entitled to recover double pay under Section 596 of Title 46 U.S.C.A. for failure to make payment on time. That Section applies only where the master shall refuse or neglect to make payment "without sufficient cause". Here it appears that the master who it is claimed made the agreement with libellant, was not the master at the end of the voyage, and, therefore, the latter had no personal knowledge of the actual agreement made with libellant. The list upon which libellant's name appeared has opposite his name the statement that he is to be paid according to the Greek scale. Upon this basis, the respondent claims overpayment. The master at the end of the voyage might very well have felt controlled by that entry, and honestly so. I cannot find that he did so without sufficient cause. Libellant's claim for double time is, therefore, disallowed. The Thomas Tracy, 2 Cir., 24 F.2d 372; The Silver Shell, D.C., 255 F. 340; The St. Paul, D.C., 133 F. 1002.

A decree will be directed accordingly. Libellant's attorney may submit proposed findings of fact and conclusions of law in accordance with the foregoing opinion, upon five days notice. The respondent may submit objections to any proposed finding. The proposed findings and objections shall be sent to the Clerk.