**NEWMAN et al. v. UNITED STATES et al.**

District Court, S. D. New York.

May 18, 1943.

William L. Standard, of New York City (Louis H. Rubinstein, of New York City, of counsel), for libellants.

W. Dale Williams, of New York City, for respondents.

RIFKIND, District Judge.

On May 28, 1943, the libellants were hired by respondent, United Fruit Co., as members of the crew of the S. S. Quirigua, for a foreign voyage from New York to Central and South American ports, and such other ports and places as the master might direct, and back to a final port of discharge in the United States.

Shipping articles were signed which specified a monthly rate of wages for each of libellants. They were also to receive subsistence on board, which has been stipulated to be worth $2.50 a day.

On May 29, 1941, libellants were discharged without their consent and without fault on their part. The sole reason for the discharge was that respondent was required by the United States Maritime Commission to deliver the vessel to the United States Navy. On May 27, 1941, the day preceding the hiring, the President of the United States had issued a proclamation of unlimited national emergency.

The libellants were paid the wages earned to the time of discharge. They seek to recover an additional month's wages pursuant to 46 U.S.C.A. § 594, R.S. § 4527.

These facts present two questions of law: Do the circumstances described exonerate the respondent from statutory liability? If this question is answered in the negative, is recovery limited to wages, so-called, or should it include the value of the subsistence?

The first question depends upon the construction of the statute. Does fault on part of the ship owner or master constitute one of the ingredients of the statutory liability? Libellants rely upon the first part of the statute which apparently entitles the seaman to recover provided only that he is discharged "without fault on his part justifying such discharge, and without his consent." The respondent stresses the second part of the statute which provides that the seaman "may, on adducing evidence satisfactory to the court hearing the case, of having been improperly discharged, recover" the compensation specified. The respondent directs attention to the requirement of a showing of improper discharge with its implication of fault on part of the ship owner or master.

The Supreme Court construed this statute in The Steel Trader, 1928, 275 U.S. 388, 48 S.Ct. 162, 163, 72 L.Ed. 326. The precise question was not before the court, but its analysis of the statute leads me to the conclusion that the libellants are entitled to recover. In The Steel Trader, the court recited the legislative history of the statute and quoted the statement of the Representative who reported the bill to the House of Representatives that: "The bill is substantially the Shipping Commissioner's Act of England * * * with such changes as have been deemed necessary to adapt it to this country. * * *" The clause relied on by the respondent reads somewhat differently in the English statute, thus: "May, on adducing such evidence as the court hearing the case deems satisfactory of his having been *so* improperly discharged *as aforesaid,* recover" the compensation specified. The "so" and the "as aforesaid" can refer only to absence of fault and absence of consent on the part of the seaman. In other words a discharge before the commencement of a voyage or before one month's wages are earned is improper if the seaman withholds his consent and is without fault.

■ While the italicized words do not appear in § 4527, nevertheless they may be read into it in order to give effect to the legislative intent to adopt "substantially the Shipping Commissioner's Act of England".

■ Such construction of the statute is consonant with its purpose as defined by the Supreme Court. In The Steel Trader, the court held that compliance with the statute by the payment of one month's wages in addition to the wages actually earned "satisfies all liability for breach of contract of employment by wrongful discharge". It would be strange if a statute designed for the benefit of seamen should not only deprive them of the ordinary claim for breach of contract by wrongful discharge but should leave the employer in possession of all defenses to the statutory remedy for one month's wages as if it were a claim for a breach of contract. Such a construction would be inconsistent with the historic solicitude of the courts for the rights of seamen. Aguilar v. Standard Oil Co., April 19, 1943, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. ——; See The Great Canton, E.D.D.C.N.Y., 1924, 299 F. 953; Florentine v. Grace Line, Inc., Appellate Term, N.Y. Supreme Court, 1941, 1942 A.M.C. 126. Cf. Hopkins v. Moore-McCormack Lines, 1940, 175 Misc. 109, 22 N.Y.S.2d 72, affirmed 262 App.Div. 722, 28 N.Y.S.2d 710; Jorgensen v. Standard Oil Co., Municipal Court of the City of New York, 1940, 1940 A.M.C. 1169, affirmed 262 App.Div. 999, 30 N.Y.S.2d 819; 263 App.Div. 708, 31 N.Y.S.2d 667, certiorari denied 315 U.S. 819, 62 S.Ct. 907, 86 L.Ed. 1216; Arwine v. Alaska S. S. Co., 1930, 189 Wash. 437, 65 P.2d 695.

■ On the second question, whether subsistence should be included as part of wages, I have found no direct authority. In The Steel Trader, the judgment of the court below did not include subsistence in the amount allowed as damages although it was expressly demanded. The court, in reversing the judgment below on other grounds, expressed no disagreement with the exclusion of subsistence. I think that when Congress used the word "wages" it meant only wages as commonly understood and not wages plus subsistence. Thus, in expressing the rights of an injured seaman, the rule has generally been stated to the effect that he is entitled to his wages and to his maintenance and cure. Benedict on Admiralty, 6th Edition, Volume 1, page 253. I refer merely to the fact that in this very ancient rule of the sea, wages and subsistence have invariably been distinguished. I conclude that libellants are not entitled to have the value of their subsistence included in their recovery.

Decree for libellants.