### NEWTON et al. v. GULF OIL CORPORATION.

#### No. 297 of 1948.

United States District Court
E. D. Pennsylvania.

July 20, 1949.

Decree Affirmed Feb. 23, 1950.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiffs.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

Each of the libellants has sued for one month's wages, pursuant to the provisions of R.S. 4527, 46 U.S.C.A. § 594.

Between May 1 and May 4, 1948, these three men, and other members of the crew of the Gulfmoon, signed shipping articles in New York, calling for a voyage "from the Port of New York one or more ports in Venezuela and such other ports and places in any part of the world as the Master may direct, and back to a final port of discharge in the United States, for a term of time not exceeding three calendar months." Actually the vessel proceeded to Harbor Island, Texas, and thence to Philadelphia; arriving at the latter port about May 15. On May 15 the articles were terminated and the men signed off before a United States Shipping Commissioner. Each man was paid his wages to that time and was immediately offered the opportunity to sign on for another coastwise voyage on the same vessel. Each of these libellants received less than one month's wages, protested, and demanded the statutory one month's pay which was refused and for which, with penalties, this suit was brought.

When the men signed off they were discharged, within the meaning of that word as used in 46 U.S.C.A. § 594. All obligation upon them to continue in the service of the ship was then at an end. A certain tenure of employment within the purview of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., no doubt continued thereafter to the extent that it would have been an unfair labor practice on the part of the employer to refuse to rehire them on the ground of union affiliation. That was all that was decided in National Labor Relations Board v. Waterman Steamship Corp., 309 U.S. 206, 60 S. Ct. 493, 498, 84 L.Ed. 704. In that case such a relationship was found to exist by reason of custom, "conditions and relation of employment." Whether an obligation upon the employer to rehire existed in this case or whether, even without such obligation, there was a tenure of employment within the scope of the Labor Relations Act, is beside the point. So far as the men were concerned at most they had an election and were free to accept or refuse reemployment, and when they refused it, whatever vestigial employer-employee relationship remained after their discharge ended.

The discharge was "improper" within the meaning of 46 U.S.C.A. § 594. All that is necessary to give a seaman the right to one month's wages provided for in that statute is that the discharge be (1) before the commencement of the voyage or before one month's wages are earned, (2) without fault on the seaman's part justifying his discharge and (3) without his consent. This is substantially what was decided in Newman v. United States, D.C., 50 F.Supp. 66. All three conditions are present in the case of each of these libellants.

The libellants are not entitled to penalties. The "two for one" penalty provision of the law, 46 U.S.C.A. § 596, provides that the owner shall pay to every seaman his "wages" within the time specified and the penalty attaches to "Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned * * *." The statute very carefully avoids calling the payment wages but describes it as "a sum equal in amount to one month's wages as compensation". The payment is in the nature of compensation or liquidated damages for a breach of contract. It "satisfies all liability for breach of the contract of employment by wrongful discharge." The Steel Trader, 275 U.S. 388, 48 S.Ct. 162, 163, 72 L.Ed. 326. The penalty was certainly not intended to attach to failure to pay such compensation.

A decree may be entered allowing each libellant one month's wages with interest from May 15, 1948.