## JOHNSON v. ISBRANDTSEN CO., Inc.

### No. 367 of 1948, Admiralty.

United States District Court
E. D. Pennsylvania.
May 19, 1950.

William M. Alper (of Freedman, Landy & Lorry), Philadelphia, Pa., for plaintiff.

Mark D. Alspach (of Krusen, Evans & Shaw), Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

In this suit in admiralty the libellant seeks to recover earned wages, double wages under the provisions of R.S. 4529, 46 U.S.C.A. § 596, and transportation from Philadelphia to Seattle under the shipping articles. The amount of earned wages is $439.27.

The facts upon which the respondent's affirmative defense and counterclaim are based are fully established by the evidence. I find that while at sea the libellant without justification attacked another member of the crew with a knife and wounded him so severely that it was necessary to divert the vessel from its course in order to get him to a hospital. As a result of the assault and diversion the respondent incurred expenses and losses amounting to $1,691.55. The respondent at the termination of the voyage refused and still refuses to pay the libellant his wages.

It seems perfectly clear that the statute not only does not authorize but forbids the withholding of wages in a situation of this kind. The positive mandate of Sec. 596 that the master of the vessel "shall pay to every seaman his wages" within the times specified admits of no interpretation by which any exceptions, other than those expressly provided by other sections of the statute, can be allowed. The derelictions of the seaman for which his wages may be forfeited are embodied in Sec. 701, which is obviously intended as a complete coverage of the subject of penalties and forfeitures. Causing loss to the vessel's owner by wilfully injuring a fellow seaman is not among them and the phrase "willfully damaging the vessel" in the 7th paragraph of Sec. 701 cannot be stretched to cover it.

The respondent bases its contention mainly not upon the statute but upon the early rule, announced in several decisions antedating the statute, that such damages as this respondent has suffered may be set off against the claim for wages. This rule, the respondent says, has not lost its vitality and has survived the statute in the form of a right of equitable recoupment. In the face of the plain provisions of the statute I am unable to accept this view. If it should be held that the equitable right of recoupment still exists, one can see that it could be extended by asserting it in such a variety of cases of misconduct that the abuses that the law was enacted to do away with could easily become prevalent again.

The question whether the two to one penalty of Sec. 596 must be imposed is a much more difficult one. In Collie v. Fergusson, 281 U.S. 52, 56, 50 S.Ct. 189, 191, 74 L.Ed. 696, the Supreme Court stated the general rule as "That the liability is not incurred where the refusal to pay is in some reasonable degree morally justified, or where the demand for wages cannot be satisfied either by the owner or his interest in the ship, has been the conclusion reached with practical unanimity by the lower federal courts." It may be that there was and is practical unanimity in the lower federal courts so far as the general principle is concerned but it is almost impossible to reconcile the way in which the courts have applied it to the various fact situations which the cases presented. In the present case the sufficient cause pleaded for the withholding is an apparently honest, though mistaken belief, that it was justified by law. In Burns v. Fred L. Davis Co., 1 Cir., 271 F. 439, the Court imposed a penalty for

withholding wages because of an outstanding attachment issued by a state court. It was so plain that the attachment was illegal and ineffective that the Court said that there was no justification. It almost seems as though the Court felt that the existence of the attachment was merely an excuse or pretext. On the other hand in City of Montgomery, D.C., 210 F. 673, the Court held that what turned out to be a misconception of the effect of the shipping articles in the light of their practical construction by the parties supplied a cause for withholding, sufficient to avoid the penalty.

I suppose that even the sense of outrage (which under the circumstances of this case I can well understand) that the respondent may have felt in being met with this libellant's demand for wages would not of itself constitute sufficient cause, though it comes close to making the withholding "in some reasonable degree morally justified" in the language of Mr. Justice Stone in the Collie case, supra. However, this respondent had more than merely a grievance. In Oldfield v. The Arthur P. Fairfield, 176 F.2d 429, 431, decided, it is true, after the respondent in this case first refused to pay the libellant his wages, the Court of Appeals for the 9th Circuit said "We are of opinion the Act, which was passed to mitigate the intolerable conditions of seamen then existing, cannot be construed as an abolition of the amount of equitable right of recoupment by a shipowner from a seaman who has caused loss to the ship by a wilfull violation of the laws of another country." This appears to be at variance with the view reached in this opinion to the effect that the equitable right of recoupment did not survive the statute. True, in the Oldfield case, supra, the Court had a case of smuggling which turned on the very narrow question of whether it was necessary that the seaman be actually convicted of the offense and that, in view of the provisions of Sec. 705, might possibly be a ground of distinction. However that may be, I do not think that the respondent should be penalized for relying upon a principle which a Court of Appeals has recently declared as the law, although in a case involving somewhat different circumstances.

I understand that the respondent does not dispute the fact that the libellant signed on at Seattle and was discharged at Philadelphia. The shipping articles provide that "Standard Fly Award Transportation Applies." The union agreement incorporates that portion of the Fly Award relating to transportation. It liquidates the amount due in case the seaman does not wish to accept transportation. I think that this figure must be considered an item of wages within the meaning of Sec. 596 and, therefore, what has been said with respect to the respondent's defense to the wage claim applies to the claim for transportation.

My conclusion is that the libellant recover wages, interest, costs and transportation, but not the penalty.