## NEIL et al. v. GULF OIL CORP.

## MURRAY v. GULF OIL CORP.

## GREEN et al. v. GULF OIL CORP.

### Nos. 147, 341, 457 of 1950, Admiralty.

United States District Court
E. D. Pennsylvania.

July 16, 1951.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiffs.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

JAMES ALGER FEE, District Judge.

Three seamen are former crew members of the "Gulfmoon," operated by Gulf Oil Corporation. Each seeks to recover one month's wages because of "discharge" on May 15, 1948. Other crew members, who were signed off at the same time, have recovered. Newton v. Gulf Oil Corporation, D.C., 87 F.Supp. 210, 3 Cir., 180 F.2d 491, certiorari denied, 340 U.S. 814, 71 S.Ct. 42, 95 L.Ed. 598. These cases were submitted under a pretrial order which sets out the agreed facts.

The sole distinction between the cases at bar and the Newton case, supra, is that the seamen here signed on and remained aboard the "Gulfmoon" for another voyage.

The exact point was not dealt with directly by either court in the former case. In the petition for certiorari[1] to the Court of Appeals, as to the former holding, the respondent here sets out, among the reasons for allowance thereof, the following: "Under the decision of the Court of Appeals this windfall will inure even to the benefit of those crew members whose actual employment has never ceased for a moment and who remain upon the vessel for subsequent voyages in the same positions, at the same rates of pay and subject to exactly the same working conditions. That this result is unnecessary and unjustifiable, and was never contemplated by the parties, is demonstrated by reference to the provisions of the labor relations contract existing between Petitioner and the Union of which Respondents are members."

The illuminating opinion of Judge Goodrich makes plain that there are no avenues of escape. It is true the contention that the statute was borrowed from the English act of similar purport[2] and that this latter legislation was otherwise construed by the Olympic[3] was not made before the Court of Appeals. But the fact that a statute, borrowed in 1872, was construed by a court of the jurisdiction of origin in 1913, although persuasive, is not binding. Statutes borrowed are generally taken with the decisions construing them at date of acquisition.[4]

The only remedy, if this be not correct policy, is to seek amendment of this antiquated enactment, which in many features produces effects which are anachronistic.[5]

Each libellant will recover as prayed. Appropriate findings and judgment may be submitted.

1. This petition is Exhibit 6 referred to in the pretrial order.

2. Merchant Shipping Act of 1854, 17 and 18 Vict., c. 104, § 167, later Merchant Shipping Act of 1894, 57 and 58 Vict., c. 60, § 162.

3. The Olympic, 1913, 12 Aspinall Maritime Law Cases, New Series, 318, 580.

4. Stutsman County v. Wallace, 142 U.S. 293, 312, 12 S.Ct. 227, 35 L.Ed. 1018;

Panama Railroad Company v. Rock, 266 U.S. 209, 213, 45 S.Ct. 58, 69 L.Ed. 250.

5. Most of the surviving sections of the Act of June 7, 1872, c. 322, 17 Stat. 277, could be clarified. See the "Scale of Provisions," mentioned by the Court in the Newton case. 46 U.S.C.A. §§ 564, 713; see also 46 U.S.C.A. §§ 701, 702, 705; Oldfield v. The Arthur P. Fairfield, 9 Cir., 176 F.2d 429.