## JOHNSON v. ISBRANDTSEN CO., Inc.
No. 10312.

United States Court of Appeals
Third Circuit.

Argued Feb. 19, 1951.

Decided Aug. 17, 1951.

Rehearing Denied Sept. 27, 1951.

Mark D. Alspach, Philadelphia, Pa. (Robert W. Bikle, Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellant.

William M. Alper, Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

BIGGS, Chief Judge.

The libellant, Johnson, employed as a messman on board the S. S. Kearny, on April 21, 1948, while the vessel was in the Pacific, attacked without justification another member of the crew, Brandon, stabbing him so severely that it was necessary to divert the Kearny from its course to the Island of Tonga in order to hospitalize him. Various issues in the court below have been disposed of by stipulation and the sole question remaining for disposition is whether the respondent, Isbrandtsen, is entitled to set-off or recoup the losses incurred by it by reason of the diversion of the Kearny to Tonga and Brandon's hospitalization against wages earned by Johnson up to the time of the stabbing. The court below held that there could be no set-off or recoupment and entered an order requiring Isbrandtsen to pay Johnson's wages and his expenses to the port of "signing on". See 91 F.Supp. 872. Isbrandtsen has appealed.

Reliance is placed by Johnson primarily on the provisions of R.S. Sections 4529, 4530 and 4596, 46 U.S.C.A. §§ 596, 597 and 701, though other statutes may be deemed to be of some aid in determining the intent of Congress.[1] R.S. Section 4529 provides for prompt payment of the seaman upon his discharge and if the master or owner refuses to make the payment within the time prescribed "without sufficient cause" double wages shall be recoverable for each day of delay. R.S. Section 4596 sets up eight offenses which the seaman may commit and prescribes penalties for each of the eight. Johnson contends that it is only when a seaman has committed one of these offenses that justification is afforded the master or shipowner under R.S. Section 4529 to withhold payment of wages. Isbrandtsen takes the contrary position, asserting that under circumstances such as those at bar set-off

or recoupment has been allowed. It relies on such decisions as The T. F. Whiton, Fed. Cas. No. 13,849; Macomber v. Thompson, Fed.Cas. No. 8,919; The W. F. Babcock, 2 Cir., 85 F. 978; The Ellen Little, D.C. Mass., 246 F. 151; Oldfield v. The Arthur P. Fairfield, 9 Cir., 176 F.2d 429; Shilman v. United States, 2 Cir., 164 F.2d 649; and Chambers v. Moore McCormack Lines, Inc., 3 Cir., 182 F.2d 747.

We agree with the court below and not with the views expressed by Judge Fee in his able opinion in the Oldfield case. In that case the court found in effect that the right of recoupment had been revitalized by the Shilman decision in the Second Circuit. But Judge Augustus Hand, after a review of the statutory provisions section by section, including those referred to in this opinion, said, "The above sections look towards payment to the seaman by his employer, at the termination of the employment, of all of his earned wages, without any deductions except those which are expressly authorized by statute." [164 F.2d 650.] The statute to which Judge Hand referred was R.S. Section 4596. The Second Circuit decided the Shilman case on the basis that the crime which the seaman had committed and the fine which was imposed did not fall within the categories specified by R.S. Section 4596, but the Court also lacked proof that the ship had suffered loss thereby. The Court did not permit a set-off by the shipowner and the Shilman decision seems hardly helpful.

In Eldridge v. Isbrandtsen Co., D.C., 89 F.Supp. 718, 720, the court below stated, "We feel that the only deductions which may be made from a seaman's wages are those specifically authorized by the Act.", viz., R.S. Section 4596, 46 U.S.C.A. § 701. Contrast this statement, relied on by Johnson here, with that made by us in Chambers v. Moore McCormack Lines, supra, 182 F. 2d 747, 749. We said, "The answer to this argument [viz., that the only deductions which may be made from a seaman's wages are those specifically authorized by R.S. Section 4596] is that R.S. § 4596 * * *

---

1. See, for example, R.S. Section 4535, 46 U.S.C.A. § 600, and the Act of March 4, 1915, c. 153, Section 12, 38 Stat. 1169, 46 U.S.C.A. § 601.

does not list all of the causes sufficient to warrant the withholding of wages." In the Chambers case, however, we were dealing only with the question of penalties and we decided in substance that though a withholding of wages may be for "a sufficient cause", so that the shipowner is not liable for a penalty under R.S. Section 4529, nonetheless, the seaman may be entitled to recover his wages.[2] That decision is not of aid in determining the questions presented by the case at bar.

■ We think it unnecessary to discuss here all of the causes sufficient to warrant the withholding of wages. It is clear that Sections 4529 and 4596 must be liberally construed in favor of seamen, wards of the admiralty. See Garrett v. Moore-McCormack Company, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239, and Waterman Steamship Corporation v. Jones, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107. A court will be loath to wipe away the benefits conferred by the statutes on seamen as a class because of the criminal conduct of one seaman.

■ Isbrandtsen contends that Johnson's conduct falls within the seventh paragraph of R.S. Section 4596[3] but we cannot construe the phrase "damaging the vessel" as the equivalent of doing injury to a member of the crew. We also have given consideration to the proposition that Johnson's conduct might fall within the fourth paragraph of R.S. Section 4596, which prescribes a penalty "For willful disobedience to any lawful command at sea". But we have concluded that paragraph four provides a penalty for disobedience to specific commands and is not intended to relate to the general discipline on shipboard.

■ We are brought to the conclusion that Johnson can recover. The sixth paragraph of R.S. Section 4596 prescribes punishment "For assaulting any master, mate, pilot, engineer, or staff officer, by imprisonment for not more than two years." Congress provided a specific penalty for assault by a seaman on any of the persons designated in the sixth paragraph and that penalty does not include loss of wages. Had Johnson's assault been upon the person of the master of the Kearny nevertheless his wages could not have been withheld. Seamen are not included in the designated group but Congress has legislated in the field of assaults committed by seamen and saw fit to prescribe no penalty for an assault by seaman on seaman. By reason of this fact we do not take the view that such an assault must result in the loss of wages of the seaman assailant. To so hold would savor of judicial legislation.

Policy suggests the reason why Congress refrained from such legislation. Under the best of conditions many voyages result in tensed nerves and sharpened animosities. Assaults, though usually not of a dangerous character, occur occasionally on shipboard. To hold that because of an assault a master or shipowner may withhold a seaman's wages would emasculate the protective statutes upon which seamen are entitled to rely.

Accordingly the judgment of the court below will be affirmed.

---

2. We cited the decision of Mr. Justice Stone in Collie v. Fergusson, 281 U.S. 52, 56, 50 S.Ct. 189, 191, 74 L.Ed. 696, in which it was stated: "That the liability is not incurred where the refusal to pay is in some reasonable degree morally justified, or where the demand for wages cannot be satisfied either by the owner or his interest in the ship, has been the conclusion reached with practical unanimity by the lower federal courts."

3. This paragraph states: "For willfully damaging the vessel, or embezzling or willfully damaging any of the stores or cargo, by forfeiture out of [the seaman's] wages of a sum equal in amount to the loss thereby sustained, and also, at the discretion of the court, by imprisonment for not more than twelve months."